UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNNY SMITH                                                          CIVIL ACTION

VERSUS                                                                NUMBER: 16-13825

LORETTA LYNCH, ET AL.                                                 SECTION: "H"(5)

### REPORT AND RECOMMENDATION

The above-captioned civil rights complaint was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Johnny Smith, against Defendants, U.S. Attorney General Loretta Lynch, Deputy U.S. Marshal ("DUSM") William "Trey" Bobo, and Doctors Inglese and Bhatt of the St. Tammany Parish Jail ("STPJ"). (Rec. doc. 1, pp. 1, 7).

Plaintiff is an inmate of the Federal Correctional Institution ("FCI") in Oakdale, Louisiana, who is serving concurrent sentences of 292 months and 240 months following his February 5, 2014 guilty plea to production of materials involving the sexual exploitation of children and possession of child pornography in the matter entitled *USA v. Smith*, No. 13-CR-201 "R"(3) on the docket of this Court. (*See* rec. doc. 59 in 13-CR-201). During the pendency of that criminal proceeding, Plaintiff was temporarily housed at the STPJ where the events of which he complains herein reportedly took place. Plaintiff alleges that on October 11, 2013, and despite Dr. Inglese's prior advices to the contrary, he was placed on permanent suicide watch indefinitely by Dr. Bhatt at the direction of DUSM Bobo. (Rec. doc. 1, p. 8). Plaintiff states that he spent the following two months on suicide watch until he was transferred to another jail facility. (*Id.*). Plaintiff seeks compensatory and punitive damages as well as declaratory relief. (*Id.* at pp. 9-10).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Irrespective of whether Plaintiff's complaint is construed as an action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971) or one under 42 U.S.C. §1983, it is subject to the prescriptive period applicable to delictual actions in Louisiana. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)(§1983); *Spina v. Aaron*, 821 F.2d 1126, 1128-29 (5th Cir. 1987)(*Bivens*); *Gaspard v. United States*, 713 F.2d 1097, 1102 n.11 (5th Cir. 1983), *cert. denied*, 466 U.S. 475, 104 S.Ct. 2354 (1984)(same); *Alford v. United States*, 693 F.2d 498, 499 (5th Circ. 1982)(same). The prescriptive period begins to run from the moment that a plaintiff knows or has reason to know of the injury that forms the basis of his complaint. *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987).

Plaintiff complains of being wrongfully placed on suicide watch on October 11, 2013 until his transfer from the STPJ some time in December of 2013. At the latest, then, prescription began to run as to Plaintiff's wrongful placement claim by the end of December of 2013.[1]/ *See, e.g., Lewis v. Bossier Parish Sheriff's Dept.*, No. 07-CV-0394, 2010 WL 10066239

---

[1]/ A review of the *pro se* notice of appeal that Plaintiff filed in his criminal case reveals that he was housed at FCI Oakdale no later than December 22, 2014. (Rec. doc. 70 in 13-CR-201). Even if the latter date was used as the operative date for prescriptive purposes, Plaintiff's lawsuit would still be untimely as the complaint was not signed until over one year later on July 7, 2016. (Rec. doc. 1, pp. 5, 10).

2

at *2 (W.D. La. Feb. 22, 2010), *adopted*, 2010 WL 1006197 (W.D. La. Mar. 16, 2010), *appeal dis'd*, 396 Fed.Appx. 102 (5th Cir. 2010).  However, Plaintiff did not sign his complaint until over one year later on July 7, 2016.  (Rec. doc. 1, pp. 5, 10).  Because Plaintiff's *Bivens*/§1983 claim regarding his placement on suicide watch at the STPJ is prescribed, it should be dismissed with prejudice under §1915(e)(2)(B)(i) and (ii).  *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2/]

New Orleans, Louisiana, this  23rd  day of  August , 2016.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.